**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2010 FEB -5 AM II: 49

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

CASE NO.:

6:10 - CV- 221 -Orl -/8DAB

AMERISURE INSURANCE COMPANY
and AMERISURE MUTUAL INSURANCE
COMPANY

      Plaintiff,

v.

ISLAND CROWNE DEVELOPERS, L.C.,
a Florida limited liability company,
UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation, and
O'CONNOR & TAYLOR CONDOMINIUM
CONSTRUCTION INCORPORATED, a
Florida Corporation,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, Amerisure Insurance Company (hereinafter "Amerisure") and Amerisure Mutual Insurance Company (hereinafter "Amerisure Mutual"), by and through undersigned counsel, hereby sues Defendants, Island Crowne Developers, L.C. (hereinafter "Island Crowne"), United States Fire Insurance Company (hereinafter "United States Fire"), and O'Connor & Taylor Condominium Construction Incorporated (hereinafter "O'Connor & Taylor"), and alleges:

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are in complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. Further, this action is based on 28 U.S.C. § 2201, as Amerisure and Amerisure Mutual seek a declaration that it has no obligation to defend O'Connor & Taylor with respect to the allegations of damage in *Island Crowne Developers, LC v. United States Fire Insurance Company and O'Connor & Taylor Condominium Construction, Inc.*, Case No. 2009-CA-001252, Seventh Judicial Circuit Court, Volusia County, Florida, resulting from breach of contract in the construction of the subject property (hereinafter "Island Crowne complaint").

2.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because all material events occurred within the Middle District of Florida, and the underlying action described above was filed in Volusia County, Florida.

## PARTIES

3.      Plaintiff, Amerisure, is an insurance company incorporated in and existing under the laws of the State of Michigan. Amerisure maintains its principal place of business in Michigan.

4.      Plaintiff, Amerisure Mutual, is an insurance company incorporated in and existing under the laws of the State of Michigan. Amerisure Mutual maintains its principal place of business in Michigan.

2

5.     Island Crowne is, and was at all times relevant to this action, a Florida corporation, incorporated in the State of Florida and maintains its principal place of business in the State of Florida.  Island Crowne is made a party to this action pursuant to 28 U.S.C. § 2201(a) because they have a claim or interest that would be affected by this declaration.

6.     United States Fire is, and was at all times relevant to this action, a New Jersey corporation, incorporated in the State of New Jersey and maintains its principal place of business in the State of New Jersey.  United States Fire is made a party to this action pursuant to 28 U.S.C. § 2201(a)  because they have a claim or interest that would be affected by this declaration.  United States Fire maintains its principal place of business in New Jersey.

7.     O'Connor & Taylor was at all times relevant to this action, a Florida corporation, incorporated in the State of Florida and maintains its principal place of business in the State of Florida. O'Connor & Taylor is made a party to this action pursuant to 28 U.S.C. § 2201(a) because it has a claim or interest that would be affected by this declaration.

## GENERAL ALLEGATIONS

8.     This action involves a dispute as to the availability of coverage under a commercial general liability (hereinafter "CGL") insurance policy issued by Amerisure and an umbrella liability policy (hereinafter "UL") issued by Amerisure Mutual to Defendant, O'Connor & Taylor, for construction of a condominium located at 1900 North Atlantic Avenue, Daytona Beach, Volusia County Florida, 32118 (hereinafter

"subject property"). Amerisure issued Defendant, O'Connor & Taylor, a CGL policy, Policy Number GL 2011887060008, with effective dates July 1, 2008 through July 1, 2009 (hereinafter "the Amerisure Policy"). A copy of the Amerisure Policy is attached hereto as Exhibit "A."

9.      Amerisure Mutual issued Defendant, O'Connor & Taylor, a UL policy, Policy Number CU 204652301, with effective dates July 1, 2008 through July 1, 2009 (hereinafter "the Amerisure Mutual policy"). A copy of the Amerisure Mutual Policy is attached hereto as Exhibit "B."

10.     On May 12, 2009, Defendant, Island Crowne, filed a complaint styled *Island Crowne Developers, LLC v. United States Fire Insurance Company and O'Connor & Taylor Condominium Construction, Inc.*, Case No. 2009-CA-001252, Seventh Judicial Circuit Court, Volusia County, Florida (hereinafter "underlying action"). A copy of the complaint is attached hereto as Exhibit "C."

11.     Island Crowne alleges in their complaint that O'Connor & Taylor breached the construction contract by failing to meet the construction schedule, for abandoning the project prior to completion resulting in delay damages and for failure to complete the project in a workmanlike manner as evidenced by construction defects. *See* Exhibit "C" ¶¶ 8, 9, 10, 11, 23 and 24.

12.     O'Connor & Taylor, contrary to the conditions of the insurance policy with Amerisure to provide "written notice of the claim or 'suit' as soon as practicable" failed to advise Amerisure until January 15, 2009, which was six (6) months after the loss.

4

13. O'Connor & Taylor, contrary to the conditions of the insurance policy with Amerisure failed to "immediately send . . . copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'" until October 29, 2009, which was more than five (5) months after being served with the complaint in the underlying action.

14. On or about July 23, 2009, a clerk's default was entered against O'Connor & Taylor.

15. On or about October 19, 2009, Summary Judgment, based on the clerk's default, was granted in favor of Island Crowne.

16. A demand has been made by O'Connor & Taylor, upon Amerisure to defend and indemnify Defendant, O'Connor & Taylor, against the claims brought by Island Crowne against its insured in the Island Crowne complaint.

## COUNT I – DECLARATORY RELIEF

### AMERISURE DOES NOT HAVE ANY DEFENSE OR INDEMNITY OBLIGATIONS TO DEFENDANT, O'CONNOR & TAYLOR, WITH RESPECT TO THE ISLAND CROWNE COMPLAINT BECAUSE THE ALLEGATIONS IN THE COMPLAINT ARE EXCLUDED FROM COVERAGE UNDER THE POLICY

17. Amerisure realleges and incorporates the allegations set forth in paragraphs 1 through 16 above.

18. It is Amerisure's position and belief that under the Policy, no duty to defend or to indemnify Defendant, O'Connor & Taylor, exists based upon the facts alleged in the Island Crowne complaint and the provisions of the Policy.

19.     Defendant, O'Connor & Taylor, has demanded defense and indemnification from Amersure with respect to the Island Crowne complaint.

20.     An actual controversy, as described in paragraphs 8 through 16, *supra*, has arisen and now exists between Amerisure and the Defendants concerning their respective rights and duties under the Policy.

21.     The Amerisure Insuring Agreement of Coverage A of the Commercial General Liability Coverage Form in pertinent part provides:

### SECTION I - COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement

  a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1)      The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

    (2)      Our right and duty to defend ends when we have used up the

6

applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period; and

(3)   Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

7

2.    Exclusions

This insurance does not apply to:

b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in

8

which damages to which this
insurance applies are alleged.

\* \* \*

j.    Damage To Property

"Property damage" to:

(6)    That particular part of any property
that must be restored, repaired or
replaced because "your work" was
incorrectly performed on it. . . .

Paragraph **(6)** of this exclusion does
not apply to "property damage"
included in the "products completed
operations hazard".

k.    Damage To Your Product

"Property damage" to "your product"
arising out of it or any part of it.

l.    Damage to Your Work

"Property damage" to "your work" arising
out of it or any part of it and included in the
"products-completed operations hazard".

This exclusion does not apply if the
damaged work or the work out of which the
damage arises was performed on your
behalf by a subcontractor.

\* \* \*

**SECTION V- DEFINITIONS**

16.    "Products - completed operations hazard":

9

a.     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

22.     The allegations in the Island Crowne complaint, as pled by Island Crowne, are not covered under the terms and exclusions of the Policy. The damage, as alleged in the Island Crowne complaint, purportedly arose as a result of delay in the completion of construction of the subject property. The delay costs allegedly incurred by Island Crowne were not covered as "Property Damage" as set forth in the Policy.

23.    Amerisure contends that the allegations contained in the four corners of the Island Crowne complaint do not give rise to either the duty to defend or indemnify because the nature of the allegations do not fall within the express terms and conditions of the Policy.

24.    A declaration is necessary and appropriate as to the contention of Island Crowne and O'Connor & Taylor regarding the availability of coverage for claims arising out of the alleged damage under the Policy issued by Amerisure.

WHEREFORE, Amerisure prays this Court declare as follows:

A.    That this Court has jurisdiction over this matter;

B.    That this Court has jurisdiction over the parties in this matter;

C.    That Amerisure does not owe a duty to defend or indemnify Defendant, O'Connor & Taylor, for the allegations in the Island Crowne complaint under the terms and conditions of the Policy;

D.    Defendants Island Crowne and O'Connor & Taylor have no interest in the subject policy related to the allegations in the subject complaint in question and under the terms and conditions of the Policy; and

E.    Such other relief as this Court deems just and proper.

### COUNT II – DECLARATORY RELIEF

**AMERISURE DOES NOT HAVE ANY DEFENSE OR INDEMNITY OBLIGATIONS TO DEFENDANT, O'CONNOR & TAYLOR, WITH RESPECT TO THE ISLAND CROWNE COMPLAINT BECAUSE O'CONNOR & TAYLOR FAILED TO NOTIFY AMERISURE OF THE CLAIM AND TO FORWARD SUIT PAPERS RESULTING IN PREJUDICE TO AMERISURE**

25.   Amerisure realleges and incorporates the allegations set forth in paragraphs 1 through 16 and 21 above.

26.   The Amerisure Insuring Agreement of Coverage A of the Commercial General Liability Coverage Form in pertinent part provides:

### SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

2.   Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1)   How, when and where the "occurrence" or offense took place;

(2)   The names and addresses of any injured persons and witnesses; and

(3)   The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

(1)   Immediately record the specifics of the claim or "suit" and the date received; and

(2)   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

12

(1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)     Authorize us to obtain records and other information;

(3)     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.      No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

* * *

27.     As previously referenced in Paragraph 12, Amerisure was not notified of the claim until January 15, 2009, which was almost six (6) months following the date of loss.

28.     Suit papers were finally forwarded to Amerisure on October 29, 2009, which was almost five (5) months following service of the complaint in the underlying action.

29.     As previously referenced in Paragraph 14, default was entered against O'Connor & Taylor on July 23, 2009.

13

30.    The allegations in the Island Crowne complaint are not covered under the terms and exclusions of the Policy.  The failure of Defendant, O'Connor & Taylor, to timely forward suit papers to Amerisure is a direct violation of the insuring agreement provision(s) previously referenced in Paragraph 26 relating to the obligations and duties of the insured in the event a claim or lawsuit is filed against them.

31.    Amerisure was prejudiced by the entry of default and the order granting summary judgment in favor of Island Crowne arising from the failure to timely forward suit papers to Amerisure.

32.    A declaration is necessary and appropriate as to the contention of Island Crowne and O'Connor & Taylor regarding the availability of coverage for claims arising out of the alleged damage under the Policy issued by Amerisure.

WHEREFORE, Amerisure prays this Court declare as follows:

A.    That this Court has jurisdiction over this matter;

B.    That this Court has jurisdiction over the parties in this matter;

C.    That Amerisure does not owe a duty to defend or indemnify Defendant, O'Connor & Taylor for the allegations in the lawsuit under the terms and conditions of the Policy;

D.    Defendants Island Crowne and O'Connor & Taylor have no interest in the subject policy for the property damage in question and under the terms and conditions of the Policy; and

E.    Such other relief as this Court deems just and proper.

14

## COUNT III – DECLARATORY RELIEF

### AMERISURE MUTUAL DOES NOT HAVE ANY DEFENSE OR INDEMNITY OBLIGATIONS TO DEFENDANT, O'CONNOR & TAYLOR, WITH RESPECT TO THE ISLAND CROWNE COMPLAINT BECAUSE THE ALLEGATIONS IN THE COMPLAINT ARE EXCLUDED FROM COVERAGE UNDER THE POLICY

33.     Amerisure mutual realleges and incorporates the allegations set forth in paragraphs 1 through 16 above.

34.     It is Amerisure Mutual's position that under its Policy, no duty to defend or to indemnify Defendant, O'Connor & Taylor, exists based upon the facts alleged in the Island Crowne complaint and the provisions of the Policy.

35.     Defendant, O'Connor & Taylor, has demanded defense and indemnification from Amersure Mutual with respect to the Island Crowne complaint.

36.     An actual controversy, as described in paragraphs 8 through 16, *supra*, has arisen and now exists between Amerisure Mutual and the Defendants concerning their respective rights and duties under the Policy.

37.     The Amerisure Mutual Insuring Agreement of Coverage A of the Commercial Liability Umbrella Coverage Form in pertinent part provides:

### SCHEDULE OF UNDERLYING INSURANCE

This Schedule of Underlying Insurance is part of Policy No. CU 2046523

\* \* \*

AMERISURE INS. CO.
GL 2011895              Combined Single Limit Liability
07/01/08-09   General Liability        $1,000,000 each occurrence

                       Split Limit Liability

15

Bodily Injury-each occurrence
Property Damage-each occurrence

Aggregates
$2,000,000  General Aggregate
$2,000,000  Products-completed operations

\* \* \*

## SECTION I - COVERAGES

## COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

16

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

2.    Exclusions

This insurance does not apply to:

b.    Contractual Liability

17

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

m. Damage To Property

18

"Property damage" to:

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . . .

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

n.     Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

o.     Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

* * *

## SECTION V- DEFINITIONS

17.     "Products - completed operations hazard":

a.     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

19

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

38.     The umbrella policy does not provide coverage because the claim in the Island Crowne complaint does not exceed the underlying limits of the CGL policy and the allegations in the Island Crowne complaint, as pled by Island Crowne, are not covered under the terms and exclusions of the Policy. The damage, as alleged in the Island Crowne complaint, purportedly arose as a result of delay in the completion of construction of the subject property. The delay costs allegedly incurred by Island Crowne were not covered as "Property Damage" as set forth in the Policy.

39.     Amerisure Mutual contends that the allegations contained in the four corners of the Island Crowne complaint do not give rise to either the duty to defend or

20

indemnify because the nature of the allegations do not fall within the express terms and conditions of the Policy.

      40.    A declaration is necessary and appropriate as to the contention of Island Crowne and O'Connor & Taylor regarding the availability of coverage for claims arising out of the alleged damage under the UL Policy issued by Amerisure Mutual.

WHEREFORE, Amerisure Mutual prays this Court declare as follows:

      A.    That this Court has jurisdiction over this matter;

      B.    That this Court has jurisdiction over the parties in this matter;

      C.    That Amerisure Mutual does not owe a duty to defend or indemnify Defendant, O'Connor & Taylor, for the allegations in the Island Crowne complaint under the terms and conditions of the Policy;

      D.    Defendants Island Crowne and O'Connor & Taylor have no interest in the subject policy related to the allegations in the subject complaint in question and under the terms and conditions of the Policy; and

      E.    Such other relief as this Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF

**AMERISURE MUTUAL DOES NOT HAVE ANY DEFENSE OR INDEMNITY OBLIGATIONS TO DEFENDANT, O'CONNOR & TAYLOR, WITH RESPECT TO THE ISLAND CROWNE COMPLAINT BECAUSE O'CONNOR & TAYLOR FAILED TO NOTIFY AMERISURE OF THE CLAIM AND TO FORWARD SUIT PAPERS RESULTING IN PREJUDICE TO AMERISURE**

      41.    Amerisure Mutual realleges and incorporates the allegations set forth in paragraphs 1 through 16 and 37 above.

21

42.    The Amerisure Mutual Insuring Agreement of Coverage A of the
Commercial Liability Umbrella Coverage Form in pertinent part provides:

### SECTION IV - CONDITIONS

3.    Duties In The Event Of Occurrence, Offense,
Claim Or Suit

    a.    You must see to it that we are notified as
soon as practicable of an "occurrence" or an
offense which may result in a claim.  To the
extent possible, notice should include:

        (1)    How, when and where the
"occurrence" or offense took place;

        (2)    The names and addresses of any
injured persons and witnesses; and

        (3)    The nature and location of any
injury or damage arising out of the
"occurrence" or offense.

    b.    If a claim is made or "suit" is brought
against any insured, you must:

        (1)    Immediately record the specifics of
the claim or "suit" and the date
received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written
notice of the claim or "suit" as soon as
practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any
demands, notices, summonses or

legal papers received in connection
with the claim or "suit";

(2)    Authorize us to obtain records and
other information;

(3)    Cooperate with us in the
investigation or settlement of the
claim or defense against the "suit";
and

(4)    Assist us, upon our request, in the
enforcement of any right against any
person or organization which may
be liable to the insured because of
injury or damage to which this
insurance may also apply.

d.    No insured will, except at the insured's own
cost, voluntarily make a payment, assume
any obligation, or incur any expense, other
than for first aid, without our consent.

43.    As previously referenced in Paragraph 12, Amerisure was not notified of
the claim until January 15, 2009, which was almost six (6) months following the date of
loss.

44.    Suit papers were finally forwarded to Amerisure on October 29, 2009,
which was almost five (5) months following service of the complaint in the underlying
action.

45.    As previously referenced in Paragraph 14, default was entered against
O'Connor & Taylor on July 23, 2009.

46.    The allegations in the Island Crowne complaint are not covered under the
terms and exclusions of the Policy. The failure of Defendant, O'Connor & Taylor, to

23

timely forward suit papers to Amerisure Mutual is a direct violation of the insuring agreement provision(s) previously referenced in Paragraph 42 relating to the obligations and duties of the insured in the event a claim or lawsuit is filed against them.

47.    Amerisure Mutual was prejudiced by the entry of default and the order granting summary judgment in favor of Island Crowne arising from the failure to timely forward suit papers to Amerisure Mutual.

48.    A declaration is necessary and appropriate as to the contention of Island Crowne and O'Connor & Taylor regarding the availability of coverage for claims arising out of the alleged damage under the Policy issued by Amerisure Mutual.

WHEREFORE, Amerisure Mutual prays this Court declare as follows:

A.    That this Court has jurisdiction over this matter;

B.    That this Court has jurisdiction over the parties in this matter;

C.    That Amerisure Mutual does not owe a duty to defend or indemnify Defendant, O'Connor & Taylor for the allegations in the lawsuit under the terms and conditions of the Policy;

D.    Defendants Island Crowne and O'Connor & Taylor have no interest in the subject policy for the property damage in question and under the terms and conditions of the Policy; and

E.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, Amerisure Insurance Company and Amerisure Mutual Insurance Company, demand a trial by jury on all issues so triable as a matter of law.

Respectfully submitted,

**JOHN BOND ATKINSON**
Florida Bar No. 0290270
jatkinson@atkinsonbrownell.com
Trial Counsel
**LAURENCE M. KRUTCHIK**
Florida Bar No. 0069449
lkrutchick@atkinsonbrownell.com
ATKINSON & BROWNELL, P.A.
One Biscayne Tower, Suite 3750
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 305-376-8840
Fax. 305-376-8841
*Attorney for Amerisure and Amerisure Mutual*